IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHN WALDO JONES,**

        **Plaintiff,**

    v.                               CASE NO. 09-3210-SAC

**PAUL FELICIANO,
et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Plaintiff sues members of the Kansas Parole Board (KPB) in their individual and official capacities for alleged violations during state parole proceedings that took place between July 2005 through May 2009[1].

**IN FORMA PAUPERIS MOTION**

Plaintiff has filed an "Application to Process in forma pauperis" (ifp). However, his motion is not complete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action in federal court without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each

---

[1] The following allegations are judicially noticed from the habeas petition in <u>Jones v. Cline</u>, Case No. 09-3202-RDR, filed 20 days before this complaint. Mr. Jones was convicted in 1978 and sentenced to a term of 4-20 years, and convicted in 1983 and sentenced to a term of 30-60 years. He was first granted parole in July 2004. He was arrested in Texas for violating conditional release by failing to report travel, and returned to Kansas. He is currently in custody "for violating the term(s) of his parole post-supervision".

prison at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).  The clerk will be directed to send plaintiff forms for a proper ifp motion.  Plaintiff will be given time to submit his motion on those forms together with the supporting financial documents required by statute.  This action may not proceed until plaintiff submits a motion that conforms to § 1915(a)[2].

**FACTUAL ALLEGATIONS AND CLAIMS**

As the factual basis for his complaint, Jones makes the following allegations.  He violated his conditional release and was reimprisoned in 2005.  That year, he was given a two-year pass by the KPB "for mental health evaluation and diagnosis", and because "community resources cannot provide sufficient structure to ensure public safety."  The KPB recommended, rather than ordered, an assessment, and no mental health evaluation was performed.  In 2007 he again saw the KPB and was passed for a year for "assessment of mental health needs."  In September 2008, he was passed to September 2010 "on the grounds (he) was unstable".  His appeal was denied in October finding no new evidence presented.  In November, he again wrote the KPB, claiming his due process rights had been violated because "Senate Bill 411 wasn't considered" and a mental health evaluation was not ordered by the KPB.  He "thought" he would ask for a new hearing for parole consideration.  On November

---

[2] Plaintiff is reminded that pursuant to § 1915(b)(1), an inmate granted leave to proceed ifp remains obligated to pay the full district court filing fee for a civil action, which is $350.00.  Being granted such leave does not waive the filing fee, but merely entitles him to pay it over time through payments automatically deducted from his inmate trust fund account as authorized by § 1915(b)(2).  The Finance Office at the prison facility will collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

25, 2008, the KPB rescinded its September order and issued a new order continuing his case "for mental health assessment."  A mental health assessment was completed the next day.  In April 2009, plaintiff was given a new hearing.  He received a Notice of Action dated May 8, 2009 stating after considering all statutory factors, "no change in prior decision".[3]  He then received a notice dated May 19, 2009, regarding the same April hearing, which provided: "Corrected Minute: After considering all statutory factors, the decision of the KPB is pass to September 2010."  In early June 2009, plaintiff sent a letter appealing the KPB's May 19 decision. In the letter he also notified the KPB of his intent to file a lawsuit based on procedural due process and Eighth Amendment violations since July 2005.  He specifically complained of the KPB's failure to provide written reasons and passing his case for more than one year, which he claimed violated K.S.A. 22-3717(j). On June 24, 2009, the KPB notified plaintiff that a special hearing was scheduled for July 21, 2009, "to consider mental assessment". This complaint was filed in October 2009; however, plaintiff does not disclose the outcome of his July hearing.

In a nutshell, plaintiff claims he has repeatedly been denied conditional release and given extended passes without proper consideration of and adherence to statutory factors and legitimate reasons.  He asserts the KPB violated procedural due process by failing "to follow K.S.A. 22-3717(j)" and "by not following the

---

[3] The court has considered plaintiff's attached exhibits as part of his complaint.

statutory factors in K.S.A. 22-3717[4]."  He also asserts that defendants, by recommending an evaluation but not considering the information, deprived him of his state-created liberty interest, due process, equal protection of rights under the laws of Kansas and the U.S. Constitution, and acted in a reckless, arbitrary, capricious and abusive manner.  He seeks millions of dollars in damages and costs of this suit.  He also seeks a declaratory judgment that defendants violated his rights under the Constitution and laws of the United States.

In this case, Mr. Jones does not expressly seek release from confinement or a new hearing free of certain defects.  Nor does he ask for any prospective injunctive relief that is beyond the scope of his pending habeas corpus petition.  See Richards v. Bellmon, 941 F.2d 1015, 1019 (10th Cir. 1991).  In fact, he does not specify any relief sought under § 1983 other than money damages.

**SCREENING**

---

[4]  K.S.A. 22-3717(h), in pertinent part, currently provides:

> At each parole hearing and, if parole is not granted, at such intervals thereafter as it determines appropriate, the Kansas parole board shall consider: (1) Whether the inmate has satisfactorily completed the programs required by any agreement entered under K.S.A. 75-5210a . . . ; and (2) all pertinent information regarding such inmate, including, but not limited to, the circumstances of the offense of the inmate; the presentence report; the previous social history and criminal record of the inmate; the conduct, employment, and attitude of the inmate in prison; the reports of such physical and mental examinations as have been made, including, but not limited to, risk factors revealed by any risk assessment of the inmate; comments of the victim and the victim's family . . . ; comments of the public; official comments; any recommendation by the staff of the facility where the inmate is incarcerated; proportionality of the time the inmate has served to the sentence a person would receive under the Kansas sentencing guidelines for the conduct that resulted in the inmate's incarceration; and capacity of state correctional institutions.

Id.

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**CLAIM FOR MONEY DAMAGES**

Parole board members are immune to suit for money damages in both their official and individual capacities "for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole." Russ v. Uppah, 972 F.2d 300, 303 (10th Cir. 1992); Knoll v. Webster, 838 F.2d 450, 451 (10th Cir. 1988). The actions of which Jones complains are clearly among the "quasi-judicial" functions performed by parole board members. It follows that damages are simply not available against the defendants under the alleged circumstances. 28 U.S.C. § 1915(e)(2)(B)(iii) requires a district court to dismiss a case if it finds the plaintiff is seeking monetary relief against a defendant "who is immune from such relief". See also 28 U.S.C. § 1915A(b).

Furthermore, to the extent a judgment herein would render the KPB's decisions in Jones' case invalid, his damages claims are premature and barred under Heck v. Humphrey, 512 U.S. 477, 486-87

5

(1994) and its progeny[5]. Since plaintiff has not demonstrated that defendants' administrative decisions are already invalidated, his damages claims are not cognizable under § 1983, and are subject to being dismissed upon screening. His only remaining claim is for declaratory relief.

**CLAIM FOR DECLARATORY RELIEF**

Plaintiff seeks a declaratory judgment that "the acts and omissions described" in his complaint "violated (his) rights under the Constitution and laws of the United States." This request for relief is so general that it is vague. Plaintiff will be given time to make a specific request for relief other than his claim for money damages. If he fails to add a specific request for relief that is cognizable at this time under § 1983, this action will be dismissed without prejudice.

Plaintiff's vague request for declaratory relief, standing alone, is subject to being dismissed for other reasons. Given the invalidity of Mr. Jones' claims for money damages, it is not clear that a "justiciable controversy permitting a declaration" still exists so that this court retains Article III jurisdiction in this matter. See Utah Animal Rights Coalition v. Salt Lake City Corp., 371 F.3d 1248, 1255, 57 (10th Cir. 2004)(hereinafter UARC)(citing

---

[5] In Heck, the Supreme Court held that a plaintiff does not state a cause of action for damages under § 1983 for allegedly unconstitutional conviction if judgment in his favor would necessarily imply the invalidity of the conviction and it has not already been overturned by proper process. Id. The Heck bar has been extended to parole determinations. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)("[Heck] applies to proceedings that call into question the fact or duration of parole or probation.")(citation omitted); Schafer v. Moore, 46 F.3d 44, 44-45 (8th Cir. 1995)(Heck applies to § 1983 actions challenging denial of parole); see also Edwards v. Balisock, 520 U.S. 641, 648 (1997)(holding that Heck is applicable to § 1983 suits premised on alleged violations of prison disciplinary procedures).

6

see Facio v. Jones, 929 F.2d 541, 544 (10th Cir. 1991); Arizonans for Official English v. Arizona, 520 U.S. 43, 73-75 (1997)(concurring opinion). Section 1983 is available when a prisoner seeks "a declaratory judgment as a predicate to (a) an award of money damages or (b) *prospective* injunctive relief." See Richards, 941 F.2d at 1018 (emphasis in original)(citations omitted). As already noted, plaintiff has not sought any relief other than money damages, such as injunctive relief against future misconduct[6], and his claim for damages is barred. Where, as here, the challenged past conduct does not give rise to a "live controversy over compensatory damages", and other forms of "concrete relief" are not sought, a grant of declaratory relief as to the constitutionality of the KPB's actions would have no legal effect[7]. UARC, 371 F.3d at 1268 (McConnell concurring opin.).

Furthermore, to the extent plaintiff may be attempting to challenge the fact or duration of his confinement, his claims are not cognizable under § 1983[8]. As mentioned earlier, a few days before filing the instant complaint, Mr. Jones filed a petition for

---

[6] Where a prisoner seeks the benefit of a ruling on a constitutional issue that may affect future parole hearings, i.e., "injunctive or declaratory relief to correct constitutionally defective parole procedures," Herrera v. Harkins, 949 F.2d 1096, 1097 (10th Cir. 1991), his action may be filed under section 1983. See Richards at 1097-98. A claim for a new defect-free parole hearing is not subject to the favorable termination rule in Heck.

[7] If a case is otherwise moot, the existence of a prayer for declaratory relief does not keep the case alive. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "[A] declaratory judgment action involving past conduct that will not recur is not justiciable." UARC, 371 F.3d at 1266.

[8] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Reed, 298 F.3d at 953 (quoting Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)); Hererra, 949 F.2d at 1097 (Where a prisoner challenges "a constitutional defect in an individual parole hearing, [and] where the remedy lies in providing a new parole hearing, [the] prisoner must file a habeas petition.").

habeas corpus relief under 28 U.S.C. § 2241 based on substantially the same factual allegations. See Jones v. Cline, 09-3202-SAC (D.Kan.). He may challenge the fact or duration of his confinement in his habeas corpus petition only, with its requirement that he first exhaust state remedies. Richards, 941 F.2d at 1018 (citing Preiser, 411 U.S. at 499-500); 28 U.S.C. § 2254(b)). Allowing Mr. Jones to proceed in this § 1983 action at this time would undermine the court's holding in his habeas action that full exhaustion of state administrative and judicial remedies is required. See id.

Mr. Jones' allegations in his complaint, taken as true, fail in another significant respect. To allege a valid claim under § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). There is no federal constitutional right to release on parole prior to the expiration of a valid sentence. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Although a state can create an enforceable liberty interest in parole through mandatory language in its parole statutes, id. at 12, Kansas has not done so. See Trumbly v. Kansas Parole Bd., 8 Fed.Appx. 857, 859-60 (10th Cir. 2001, unpublished[9]) (citing Gilmore v. Kansas Parole Bd., 243 Kan. 173, 756 P.2d 410, 415 (Kan.), cert. denied, 488 U.S. 930 (1988)); Crump v. Kansas, 143 F.Supp.2d 1256, 1261-62 (D.Kan. 2001); see also Board of Pardons v. Allen, 482 U.S. 369, 379 FN 10 (1987)("[S]tatutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty

---

[9] Copies of this and other unpublished opinions cited herein are attached.

interest."). The KPB has sole authority to grant or deny parole and is vested with broad discretion in how it determines if an inmate will be paroled.[10] See K.S.A. 75-5210a(a). Accordingly, because the Kansas statutes create no legitimate expectation of early release, plaintiff's allegations of being denied federal constitutional protections by the KPB's decisions present no cognizable claim for relief under § 1983. Greenholtz, 442 U.S. at 7; Crump, 143 F.Supp.2d at 1262.

Plaintiff's allegations also fail to state a cognizable claim of being denied equal protection under the U.S. Constitution. To proceed on an equal protection claim, plaintiff must allege sufficient facts to show he is similarly situated to other prisoners who were treated differently. Crider v. Board of County Com'rs of Boulder, 246 F.3d 1285, 1288 (10th Cir. 2001). He alleges no such facts. See Northington v. Jackson, 973 F.2d 1518,

---

[10] "[T]he statute establishing the program agreement program, Kan.Stat.Ann. § 75-5210a, does not confer a liberty interest in parole." Trumbly at 859. Nor does K.S.A. § 22-3717 create a liberty interest. See id. (K.S.A. 22-3717, which directed the board to consider all pertinent information did not create liberty interest in parole)(citing Gilmore, 756 P.2d at 415); Gilkey v. KPB, 147 P.3d 1096, 2006 WL 3775292 (Kan.App. 2006, unpublished), review denied (Kan. 2007). Parole under Kansas law is a privilege, granted as a matter of grace by the KPB, not as a matter of fundamental right. Gilmore, 756 P.2d at 415. As the Tenth Circuit clearly stated:

> The requirement that the paroling authority shall consider all pertinent information does not equate to the "shall release . . . when" requirement of Allen or the "shall order . . . release unless" language of Greenholtz. See Greenholtz, 442 U.S. at 11. Rather, "the Kansas statute merely empowers the Board to place one on parole when the Board, in the exercise of its discretion, believes that the interests of the prisoner and the community will be served by such action." (Citing Gilmore 756 P.2d at 414). And, . . . the Kansas Supreme Court's interpretation of its own statutes is binding on this court "absent some conflict with federal law or overriding federal interest." Sac & Fox Nation v. Pierce, 213 F.3d 566, 577 (10th Cir.2000). "As the Kansas Court of Appeals noted, '[t]here being no liberty interest in parole, it cannot be argued that the denial of parole, whenever it is done or under whatever statute involved, disadvantages a prisoner'."

Trumbly at 859.

9

1521 (10th Cir. 1992)(holding that despite the rule of liberal construction of pro se complaints, a court "should dismiss claims which are supported only by vague and conclusory allegations."); Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir.1995)("even pro se litigants must do more than make mere conclusory statements regarding constitutional claims"). He makes a few bald statements that defendants were negligent for using "slander language". However, he does not refer to any other prisoner and explain how he or she was treated differently from him, and state that the other prisoner's offense behavior, criminal history, mental health needs or risks, and other relevant factors were comparable to his own. In addition, plaintiff alleges no facts indicating that this case implicates either a "suspect class" or a fundamental right. See Copeland v. Matthews, 768 F.Supp. 779, 780 (D.Kan. 1991)(The analysis of an equal protection claim begins with a determination of whether the challenged classification is one that disadvantages a "suspect class," or impinges upon the exercise of a "fundamental right.")(citing Plyler v. Doe, 457 U.S. 202, 216-17 (1982)). Prisoners are not a suspect class for equal protection purposes, id., and plaintiff has no fundamental right to conditional release before expiration of his sentence. It follows that the alleged classification need only satisfy a rational basis test. Plaintiff alleges no facts indicating the KPB's decisions failed to serve or were not rationally related to a legitimate state interest.

Plaintiff's claim of arbitrary and capricious action by the KPB also fails. Some courts have recognized that even absent a protected liberty interest, a parole board may not act arbitrarily and capriciously. See e.g. Monroe v. Thigpen, 932 F.2d 1437, 1442

10

(11th Cir. 1991)(a parole board's knowing reliance on false information is arbitrary and capricious). The Tenth Circuit has not adopted this "pre-Sandin" due process construction. See Parker v. Dinwiddie, 2009 WL 175053, *2 (10th Cir. 2009).

Plaintiff asserts cruel and unusual punishment without explaining how this constitutional right was violated in this case. Because Kansas prisoners have no legitimate entitlement to parole prior to completion of their sentence, the denial of parole cannot constitute cruel and unusual punishment. Malek v. Haun, 26 F.3d 1013, 1016 (10th Cir. 1994).

Finally, the court notes that plaintiff's claims are mainly based on allegations that provisions of K.S.A. 22-3717 were violated. A violation of state law alone does not give rise to a federal cause of action under § 1983. Malek, 26 F.3d at 1016.

For all the foregoing reasons, the court directs plaintiff to specify what relief he is seeking under § 1983 other than money damages, if any, and to show cause why this complaint should not be dismissed as stating no claim for relief under § 1983 for the other reasons stated herein. If he fails to file a properly supported ifp motion, or to show cause as directed within the time allotted, this action may be dismissed without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to file a proper motion for leave to proceed in forma pauperis on court-provided forms and include a certified statement of his inmate account for the requisite six-month period.

**IT IS FURTHER ORDERED** that within the same thirty-day

11

period, plaintiff must specify a request for relief, other than damages, to which he is entitled under § 1983 that is not available in his pending habeas corpus petition, and show cause why this complaint should not be dismissed, without prejudice, for the reasons stated herein.

The clerk is directed to send Mr. Jones forms for filing an in forma pauperis motion.

**IT IS SO ORDERED**.

Dated this 27th day of October, 2009, at Topeka, Kansas.

<pre>                                    s/Sam A. Crow
                                    U. S. Senior District Judge</pre>